AO 245B (Rev 12/03) Judgment in a Criminal Case
Sheet 1

# United States District Court
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| Julius Devon Mills | Case Number: CR408-00317-003 |
| | USM Number: 13820-021 |
| | Imani Ajanaku |
| | Defendant's Attorney |

2009 SEP 24 AM 9:45

## THE DEFENDANT:

[X] pleaded guilty to Counts  1 and 12 .
[ ] pleaded nolo contendere to Count(s) _ which was accepted by the court.
[ ] was found guilty on Count(s)_ after a plea of not guilty.

The defendant has been convicted of the following offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to commit access device fraud, attempted access device fraud, and aggravated identity theft | October 2007 | 1 |
| 18 U.S.C. § 1028A | Aggravated identity theft | October 15, 2007 | 12 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s)___.
[X] Counts  10, 11, and 13  are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 23, 2009
Date of Imposition of Judgment

Signature of Judge

William T. Moore, Jr.
Chief Judge, U.S. District Court
Name and Title of Judge

SEPT. 24, 2009
Date

DEFENDANT: Julius Devon Mills
CASE NUMBER: CR408-00317-003

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: <u>22 months as to Count 1, and 24 months as to Count 12, to be served consecutively, for a total term of 46 months.</u> .

[X] The Court makes the following recommendations to the Bureau of Prisons: Designation to the Bureau of Prisons facility in Coleman, Florida, is recommended.

[X] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district:

    [ ] at ____ [ ] a.m. [ ] p.m. on _____.
    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ] before 2 p.m. on _____.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

                                  United States Marshal

                              By _____
                              Deputy United States Marshal

DEFENDANT: Julius Devon Mills
CASE NUMBER: CR408-00317-003

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 3 years as to Count 1, and 1 year as to Count 12, to be served concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

| | |
|---|---|
| [ ] | The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.) |
| [X] | The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.) |
| [X] | The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.) |
| [ ] | The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.) |
| [ ] | The defendant shall participate in an approved program for domestic violence. (Check, if applicable.) |

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement; and
14) Any possession, use, or attempted use of any device to impede or evade drug testing shall be a violation of supervised release.

DEFENDANT: Julius Devon Mills
CASE NUMBER: CR408-00317-003

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing for drug and alcohol abuse and, if the Court determines it is necessary, the defendant shall participate in a program of treatment for drug and alcohol abuse.

2. The defendant shall complete 150 hours of community service during the first 18 months of supervision.

3. The defendant shall provide the probation officer with access to any requested financial information. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

4. The defendant shall earn his General Educational Development diploma if he does not do so while in the custody of the Bureau of Prisons.

## ACKNOWLEDGMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____      _____
         Defendant                              Date


         _____      _____
         U. S. Probation Officer/Designated Witness    Date

DEFENDANT: Julius Devon Mills
CASE NUMBER: CR408-00317-003

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 7.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $200 |  | $36,135.04 |

[ ] The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such a determination.

[X] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| SunTrust Bank<br>Attn: Records Custodian<br>7474 Chancellor Drive<br>Orlando, Florida 32809<br>Ref: Sandra Frazier, Account Number<br>0031002068729 |  | $730.37 | 2.0% |
| Regions Bank<br>E Banking Debit Card Risk<br>P.O. Box 413<br>Birmingham, AL 35201<br>Attention Reference: Kimberly and Mark Bedwell,<br>Account Number 4236 8100 0300 6824 |  | $3,000.00 | 8.3% |
| Bank of America<br>P.O. Box 15730<br>Wilmington, DE 19850<br>Reference: Account Number 4427 1000 1363 2778 |  | $2,296.50 | 6.1% |

**\*\*See additional restitution payees - page 6**

[ ] Restitution amount ordered pursuant to plea agreement    $ _____

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

[X] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [X]    The interest requirement is waived for the    [ ] fine    [X] restitution.
    [ ]    The interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Julius Devon Mills
CASE NUMBER: CR408-00317-003

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| H.S.B.C. Bank of California Mastercard<br>P.O. Box 80055<br>Salinas, CA 93912<br>Reference: Account Number 5491 0986 1494 3511 | | $6,622.33 | 18.3% |
| G.E. Money, Attn: OH3-1030 Restitution<br>P.O. Box 8726<br>Dayton, OH 45401<br>Reference: Mae Lemons, Zip Code 32132,<br>Lowe's Visa account | | $6,000.00 | 16.6% |
| Bank of America, DE5-011-03-01<br>P.O. Box 15730<br>Wilmington, DE 19850<br>Reference: Account Number 4313 0700 7383 6261 | | $6,342.60 | 17.6% |
| J.P. Morgan Chase<br>Attn: Restitution Payments<br>P.O. Box 2003<br>Elgin, Illinois 60121-2003<br>Reference: Account Number 4104 1400 1105 3981 | | $101.78 | .3% |
| Discover Card<br>P.O. Box 15048<br>Wilmington, Delaware 19850-5048<br>Tax I.D. # 364020792<br>Reference: Account Number 6011 0045 0295 3231,<br>Joyce Crowder | | $248.35 | .7% |
| Wachovia Corporation, CFIS<br>P.O. Box 2818<br>Huntersville, North Carolina<br>Reference: Case Number 13459009 | | $83.09 | .5% |
| Citigroup Fraud Investigations<br>14700 Citicorp Drive, Building 2 - First Floor<br>Hagerstown, Maryland 21742<br>Reference: Account Number 5121 0796 6330 9711,<br>Illena May | | $8,710.02 | 24.1% |
| Wal-Mart Market Office<br>6000 Ogeechee Road<br>Savannah, Georgia 31419 | | $2,000.00 | 5.5% |
| **Totals:** | | $36,135.04 | 100% |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Julius Devon Mills
CASE NUMBER: CR408-00317-003

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [X]    Lump sum payment of $ 200 due immediately, balance due

       [ ] not later than ___ ; or
       [X] in accordance with  [ ] C, [ ] D, [ ] E, or  [X] F below; or

B [ ]    Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or  [ ] F below); or

C [ ]    Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $__ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ]    Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $__ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ]    Payment during the term of supervised release will commence within __ (eg., 30 or 60 days) after release from imprisonment. the court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [X]    Special instructions regarding the payment of criminal monetary penalties: Pursuant to 18 U.S.C. § 3664(f)(3)(B), nominal payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR shall be made. Upon release from imprisonment and while on supervised release, nominal payments of a minimum of $ 200 per month shall be made. Payments are to be made payable to the Clerk, United States District Court, for disbursement to the victims.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.
The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[X]    Joint and Several
       Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

| Codefendants: | Total Amount | Joint and Several Amount |
|---|---|---|
| Lomicia Mesche Whitaker (CR408-00317-001) | $39.378.84 | $36,135.04 |
| Revonda Renee Scott (CR408-00317-002) | $17,485.84 | $17,485.84 |

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties, and (8) costs, including cost of prosecution and court costs.